RECEIVED
IN LAKE CHARLES, LA

AUG - 6 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:12CR00275-001 |
| VS. | : | JUDGE MINALDI |
| DAVID SHELTON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the Offense Level Computation which includes the Specific Offense Characteristics under USSG §2G2.2(b)(3)(F). Shelton contends that his offense level should not be increased by two levels for distribution under U.S.S.G. § 2G2.2(b)(3)(F).

The Guidelines broadly define "distribution" as "any act ... related to the transfer of material involving the sexual exploitation of a minor." § 2G2.2 comment. (n.1). The defendant stipulated that "Using a law enforcement program created to determine who is downloading child pornography using Limewire (or other file sharing programs including eMule), the law enforcement officers in Lake Charles, Louisiana, along with the Department of Homeland Security, identified the defendant as a person who was downloading and/or distributing child pornography using the eMule file sharing program. That program allows one to identify not only who is downloading child pornography but also the amount and the type of child pornography that is being downloaded. The defendant was identified as a significant distributor of child pornography and one who was collecting child

pornography." During the investigation, an officer observed video files, which were publicly available for download, that were titled by names that are indicative of child pornography on an IP address assigned to the defendant. Because Shelton used a peer-to-peer program to obtain images of child pornography and to make the images available to others, his conduct was related to the transfer of illegal material and was therefore distribution. *See* § 2G2.2, comment. (n.1). *United States v. Tilford,* 2013 WL 3227365, 1 (5th Cir. 2013). The defendant's objection is OVERRULED.

Next, the defendant objects to ¶25 of the PSR which increases his offense level by five levels pursuant to USSG §2G2.2(b)(5). This enhancement applies where there is a pattern of activity of sexual abuse. There is a charge pending in the 14th Judicial District Court stemming from incidents which allegedly occurred between October 28, 2006, and February 28, 2012. The defendant has not pleaded guilty to this charge, nor has he gone to trial. It is incumbent on the Government to prove a pattern of activity. Absent such proof at the sentencing hearing, this objection will be granted.

Shelton also objects to the application of the Specific Offense Characteristics in ¶¶ 22-27, arguing that those are not based on empirical data. Shelton objects based upon the fact that the United States Sentencing Commission has recently issued a Report to Congress: Federal Child Pornography Offenses, providing extensive research in support of its conclusion that the non-production guidelines of §2G2.2 produces unreasonably high guidelines for certain defendants. The defendant notes that this objection is made solely to preserve this issue for appeal and acknowledges that this argument is foreclosed by Fifth Circuit law. Accordingly, this objection is OVERRULED.

Lake Charles, Louisiana, this __1__ day of __August__, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE